2 Dec.
398

# APPROPRIATION OF LANDS.

[Huron County Circuit Court, November Term, 1894.]

†THE WHEELING & LAKE ERIE RAILWAY COMPANY v. VALENTINE FRIES AND THE WHEELING & LAKE ERIE RAILROAD COMPANY.

1. WRONGFUL ENTRY—RIGHT OF OWNER OF LANDS TO TREAT SUCH ENTRY AS A SALE.

A wrongful entry upon premises, by a corporation, without compensation or agreement with the owner, does not of itself entitle such owner to recover the value of the prop-erty; but it leaves him an election to treat such wrongful entry as a sale of the property, and by tendering a conveyance and making the election to recover compensation, it enables him to bring an action for that purpose, and to recover the value of the land.

2. CHARACTER OF SUIT FOR COMPENSATION—STATUTE OF LIMITATIONS.

A suit to recover compensation for land appropriated, where the defendant entered with the verbal consent of the owner, is an action upon an implied contract and is barred by the six years' statute of limitations.

HAYNES, J.

In the case of *The Wheeling & Lake Erie Railway Co.* v. *Valentine Fries and The Wheeling & Lake Erie Railroad Co.*, a petition in error is filed for the purpose of reversing the judgment of the court of common pleas, and the grounds set forth in the petition are—

*First.* Said court erred in overruling the demurrer to the second amended petition.

*Second.* Said court erred in sustaining the demurrer to the answer to the second amended petition.

*Third.* Said court erred in sustaining the demurrer to the second and third defenses in the amended answer to the second amended petition.

Then follow some other exceptions in regard to the admission of evidence, the overruling of the motion for a new trial, and for rendering judgment for the plaintiff below.

The original action was commenced in the court of common pleas on the 13th day of July, 1889, and such proceedings were had that afterwards when the case came to trial, it became necessary to withdraw a juror and allow an amend-ment to the petition to be filed in the case, which is really the second amended petition, and from that time the case proceeded to a hearing and trial upon the

†Judgment reversed, 56 O. S., 135; opinion of C. C. after being remanded, 7 O. C. D., 297.

issues made upon the second amended petition either by way of demurrer to the answer, or answer and demurrer to the answers.

The plaintiff below set up that the defendant, The Wheeling & Lake Erie Railroad Company, is a corporation duly incorporated under the laws of Ohio, etc. That it located its line of railroad through Huron county; and that at the time of the location of that line of road, lot No. 17 and part of lot No. 19 in the first section of Norwalk township, was owned and held by Caleb Brown and John Brown. It avers that a petition was filed in the court of common pleas whereby proceedings were had in that court against the Brown Brothers and The Wheeling & Lake Erie Railroad Company, wherein a decree was taken for foreclosure and order of sale, and that the property was sold at sheriff's sale to the plaintiff in this case, Valentine Fries; and he alleges that he not only acquired the title to the real estate, but that he also, by proper assignment or arrangement, acquired whatever right the Brown Brothers had to recover of The Wheeling & Lake Erie Railroad Company any damages, by reason of the action taken by the railroad company in entering upon these premises.

It avers then, that about that time the road was changed from a narrow gauge to a broad gauge road, and that at the time the change was made, the railway company broadened out its line of way, and took in additional lands beyond those that were taken in at the time it made the first survey. And then in reference to the lands that were taken, it avers that the 3.56 acres was not legally appropriated, purchased or paid for by said corporation, The Wheeling & Lake Erie Railroad Company, but was taken, occupied and used by it for its said railroad purposes without any grant or conveyance from, or agreement in writing with the owners thereof, and without any lease, right or title, legal or equitable thereto, with only the verbal consent of this plaintiff *on condition of compensation never performed*, and it so continued to occupy and use the same in operating its said railroad until the 24th day of June, 1886. The date of this extension, as we understand, was since the year 1880.

It avers the sale of the property of the railroad company, and its purchase and ownership by its successor, The Wheeling and Lake Erie Railway Company, which succeeded to the rights of the Wheeling and Lake Erie Railroad Company, and that it took possession of the line of road on the 21st day of June, 1886.

The point I desire to call attention to, is the allegation that is here made, that the railroad company occupied and used for its said railroad purposes without any grant or conveyance from, or agreement in writing with the owners thereof and without any lease, right or title, legal or equitable thereto, and with only the verbal consent of this plaintiff on condition of compensation never performed. That allegation is not denied.

It will be noticed that the consent that is spoken of is a verbal consent. It was not in writing and it is so averred in both forms. It will be observed also that this petition is not based upon this consent or this promise in writing, but upon the illegal and unlawful taking possession of the property, except by the verbal consent of the plaintiff on the conditions therein named.

To this petition a demurrer was filed in the following words:

"The defendant, The Wheeling and Lake Erie Railway Company, demurs to the second amended petition on the ground that it appears from said second amended petition that the cause of action therein set forth, did not accrue within six years next, before this action was begun."

That demurrer, as we understand, was overruled. Thereupon an answer was filed by the railway company, and after denying sundry matters, they further answer by saying:

"For a second defense, this defendant says, that the cause of action in said second amended petition set forth, accrued in the year 1880, and that said cause of action did not accrue within six years next before this action was begun."

There were also general denials in the answer. A demurrer was interposed to this second defense and that, upon hearing, was overruled and the case pro-

ceeded to trial before a jury and a verdict was rendered in favor of the plaintiff below. Thereupon this petition was filed.

In arriving at a decision in this case, we have examined specially, the 35 Ohio State, 531, *Railroad Company* against *Robbins;* 48 Ohio State, 343, *Railroad Company* against *O'Hara;* 48 Ohio State 637, *Longworth* against *Cincinnati;* 49 Ohio State, 320, *Railroad Company* against *Perkins*, and 50 Ohio State, 667, *Railroad Company* v. *O'Hara, Administrator*, which grows out of substantially the same state of facts as is found in the 48 Ohio State, 343. On the interpretation of these decisions depends in a great measure the solution of this case. In the 35 Ohio State, page 531, the Supreme Court held that—

"The owner of land which has been unlawfully and wrongfully taken and appropriated to its use by a corporation authorized by law to appropriate land, cannot maintain an action for the value of the land so taken and appropriated, and also damages accruing by reason of such taking and appropriation, if the circumstances are such that he may recover the land itself."

That, at first blush, would seem to deny the right of action here entirely. That case is discussed by Judge SPEAR in the case of *Longworth* against *Cincinnati*, 48 Ohio State, page 637, and in that case, it is held that—

"Where, in an action for compensation for land unlawfully taken by a municipal corporation without knowledge of the owners, and devoted to public uses by constructing thereon a street, it appears that the owners, upon learning that the land has been so taken, acquiesced in the appropriation as an accomplished fact, and ratified it by tendering a sufficient deed of the premises conveying title to the corporation, and by offering to allow judgment that upon the value of the premises being fixed and payment of the same, plaintiffs should be ordered to convey to the corporation, a case is made entitling the plaintiffs to recover the value of the land. *Railroad* v. *Robbins*, 35 O. S, 531, distinguished."

Without reading from the decision at length for want of time, it is sufficient to say that in this action the right to maintain an action was sustained upon the ground that the tender of a deed by the owner of the land was an election on his part to allow the city, or the corporation to take the land, and that by virtue of that act, the title under the proceedings would vest in the corporation, and therefore the plaintiff would have the right to recover the value of the property, or the fair purchase price.

After reading from the opinion before given by Judge JOHNSON, in 35 O. St., 531, the court say:

"The opinion emphasizes the importance of the fact, by repeating it, that Mr. Robbins himself had done nothing to estop him from asserting title to the land, and, in like manner, emphasizes the fact that the heirs had done nothing that would estop them from bringing ejectment, even though the judgment be paid to the administrators. This implies that the heirs had it in their power to do something which would estop, and that, had that been done, the action for compensation might have been maintained. What could they have done more than tender title and offer to convey upon being paid, and thus ratify the unlawful appropriation? They could not have acquiesced at the time the seizure was made, for they then were not heirs and had no title. And that this matter of tender was just what was in the mind of the learned judge who wrote the opinion, is clearly shown by the further remark, referring to Mr. Robbins and the heirs, that 'neither he nor they offer to convey or surrender the title upon being paid.' The inference seems inevitable that had such tender been made so that the effect of the judgment for compensation would have been to clothe the company with the legal title to the land and thus estop the former owners from maintaining ejectment, the plaintiffs would have been entitled to recover compensation in that action."

So we understand the rule now in Ohio is this, that where there is a wrongful entry upon the premises by a corporation without compensation and without agreement with the owner of the property, that the plaintiff would have no right

to recover the value of the property from that fact alone, for the reason that by the wrongful entry of the corporation upon the land, the title is not taken from the real owner. It does not appropriate the title; but it leaves an election in the owner of the property to treat it as a sale of the property, and by tendering a conveyance and in making the election to recover compensation, it enables him to bring an action for that purpose and to recover the value of the land.

Now, that brings us down to the character of the action, what it is, and the nature of it. In the acts regulating the appropriation of property by corporations other than municipal corporations, sections 6448 and 6449 provide the method by which a party who owns land that has been taken by a railroad company without any compensation or without consent in writing by the owner of the property, may compel a corporation to take steps to appropriate the property, or to ascertain the amount or value that is to be paid to the owner of the property by the railroad company, or the corporation.

But section 6449 provides, that "this section shall not be construed to impair or lessen in any manner the right the owner or owners may have to proceed against the corporation as in all other cases of unlawful entry upon lands."

In the case at bar, the owner did not elect to proceed in the manner pointed out by that statute. He is left to stand upon his common law rights and remedies. His common law remedies, as is claimed, would be first an action to recover possession of the property, ordinarily an action of ejectment. By the force of the decisions that are already cited, he might also, by taking the proper steps, show his election to have the value of the property, to treat it as a sale and recover compensation in that form. He might have also, in some form or another, the right to enforce a vendor's lien; but, as was held in the case of *Hatry* v. *The Railroad Company*, 1 Circ. Dec., 238, which case was afterwards affirmed by the Supreme Court, as stated in the opinion that was given by the judge who announced the decision of the court, he could not have a vendor's lien, in case the entry was wrongful, and not by virtue of any consent.

There is a considerable discussion by the judge announcing the opinion of the Supreme Court in this case of the *Railroad Company* v. *Perkins*, found at page 326, in the 49 Ohio State, as to the character of these various actions and the rights of parties under them; but, without reading from that decision at length, it is sufficient to say that there is some discussion as to the right to recover in an action of ejectment for the possession of property, and the judge points out and argues, in delivering that opinion, that there can be no estoppel to prevent a party from bringing an action of ejectment; no estoppel by reason of the railroad company having entered upon the property and improved it; that a remedy is still left open to him. He discusses, of course, the right of action under sections 6448 and 6449 that I have already referred to, because that action at first was brought under those statutes. He would seem to indicate in his opinion, at least so far as his judgment was concerned, that an action for compensation could not be maintained; but, inasmuch as he sat in the case of the *Railroad Company* v. *Cincinnati*, to which I have referred, and seems to have been uniting in that opinion, we take it he does not mean to decide that an action is not maintainable.

Now, having discussed this decision, we are brought to the question as to the character of this action that is maintainable; what is it? That brings us back to the facts stated in the petition in this case, and while the plaintiff, it would seem, from the statements of his petition, sought to bring this action as an action for wrongful entry only, nevertheless he has stated, and under the facts of the case, is compelled to state that the entry was made with the verbal consent of the plaintiff in this action. So that we are to decide this case upon those facts, and upon those facts only. That is to say, the question here is as to the nature of the action where a railroad company enters with the verbal consent of the plaintiff in the action. It is true that in this case he says the con-

dition of compensation was never performed; nevertheless, what is the character of the action? what is the recovery?

It seems to us very clear that by the very character of the action, from the reasoning of the court in this case of *Longworth* v. *Cincinnati*, that he is recovering the value of the property upon an implied contract to pay the value. It is an action sounding in contract, and it follows as a matter of course, from that fact, and must follow from that fact, as we conceive, that it is governed by the section of the statute of limitations that provides that actions, if brought upon an implied contract, must be limited to the period of six years.

We have examined the matter very carefully, and we cannot escape the conclusion that it falls under that statute. We have examined in this connection some cases in regard to matters where there is a forfeiture of the contract which was decided by the Supreme Court in an opinion in the 9th Wallace, I think at page 290, and which holds that where there is a breach of the conditions of the real contract, a party may bring an action of ejectment.

In volume 22 of The American and English Encyclopædia of Law there is a very full discussion of the question as to the right of a party to make an election; and it is there held that in a breach of contract of that kind, when a party has two remedies, he may elect to recover on his contract the value of the purchase money, or he may have his action of ejectment, and if he elects to recover the value of the contract price, or compensation for the land, it is governed by the statute which regulates the time for bringing actions under contracts either verbal or written, as the case may be. So that we think upon authority, as well as upon principle, the rule in this case must be held to be that the action is brought upon an implied contract in fact, to pay the compensation or value of the land, which would be the compensation in this case.

In deciding this case we, of course, do not pass upon the question as to the right of the party, if he seeks at any time to bring an action, or to have an appropriation of the property under sections 6448 and 6449; nor do we decide his right if he should bring an action of ejectment. We simply take the case upon the facts as they are made by the petition and decide in regard to the legal rights of the parties under that state of facts.

It follows from what I have said that the court of common pleas should have sustained the demurrer to the petition, or rather to this defense and probably should have sustained the demurrer to the petition which was made upon a similar point, and that this court, rendering the same judgment that should have been rendered by the court of common pleas when it overruled that demurrer, will render judgment dismissing the petition.

We should say also that we do not decide what the rights of the party might be if the entry was purely and simply a wrongful entry, or when the right of action would accrue in a case of that kind. The case is simply a case where the party entered with the consent of the owner of the land, and in that case, when he sues for compensation for the value of the land, he must sue upon an implied contract, and be barred by the statute of limitations that governs actions upon an implied contract.

*Swayne, Swayne & Hayes*, for Plaintiff in Error.

*G. T. Stewart*, for Defendant in Error.